PER CURIAM.
Defendant, Charles Edwards, takes this appeal from his conviction and sentence following a jury trial on the charges of breaking and entering and grand larceny. He urges reversal on the grounds of double jeopardy.
The record reflects that on March 3,1975, a jury was empaneled and sworn. On March 4, defense counsel revealed to the State the names of three more witnesses whom he intended to call; two were character witnesses and the third was the defendant’s wife whose testimony appeared to be in the nature of an alibi. On March 5, the *448 State moved to exclude the three witnesses. The trial court determined that the two character witnesses could testify, but after a proffer of the wife’s testimony, ruled that since the State was not able to take her statement due to the defendant’s failure to supply the names sooner, the State was prejudiced, and
. . under all the circumstances the Court feels that the interest of justice would best be served by the granting on the Court’s own motion of a mistrial.” (emphasis supplied)
A new trial date was set. The defendant filed a motion to dismiss the information and discharge the defendant, alleging that manifest necessity had not required a mistrial, and that a new trial would place the defendant in jeopardy a second time on the same charge. The motion was denied. The defendant sought a writ of prohibition which was denied by this court and the cause proceeded to a jury trial culminating in a judgment of conviction and sentence.
In our opinion, the trial court did not abuse its discretion in declaring a mistrial where such mistrial was required by manifest necessity. The trial judge had discretion to determine that the situation which confronted the court and the parties at the time presented a legally sufficient reason to justify the declaration of a mistrial. The trial judge was best situated, under the circumstances and conditions then presented, to intelligently make such a decision. No abuse of this discretion has been established. See Adkins v. Smith, 205 So.2d 530 (Fla.1968), and Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla.1976). Accordingly, the defense of double jeopardy is not available to the defendant.
Affirmed.